IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SALIX PHARMACEUTICALS, INC.; and
DR. FALK PHARMA GmbH,

    Plaintiffs/Counter-Defendants,

v.                                    CIVIL ACTION NO. 1:15CV109
                                              (Judge Keeley)

MYLAN PHARMACEUTICALS, INC.; and
MYLAN, INC.,

    Defendants/Counter-Claimants.

## ORDER IMPLEMENTING JOINT STIPULATION

On June 7, 2017, the parties filed a joint stipulation concerning disposition of certain claims involving the alleged infringement and invalidity of U.S. Patent No. 8,865,688 ("the '688 patent") (Dkt. No. 238). Significantly, the terms of the joint stipulation are conditioned on a recent inter partes review ("IPR") decision by the Patent Trial and Appeal Board ("PTAB"), which determined that claims 1 and 16 of the '688 patent are unpatentable as obvious (Dkt. No. 232-1 at 55).

The parties negotiated their joint stipulation in good faith prior to June 12, 2017, when the Supreme Court of the United States granted certiorari in Oil States Energy Services, LLC v. Greene's Energy Group, LLC, No. 16-712, a case questioning the constitutionality of IPR. A decision that IPR is unconstitutional would fundamentally impact the parties' joint stipulation, requiring them to revisit its effect.

**SALIX V. MYLAN**                                                  **1:15CV109**

**ORDER IMPLEMENTING JOINT STIPULATION**

Nonetheless, the parties have advised that, in the absence of such a decision, their intent is to remain bound by the joint stipulation (Dkt. No. 248). Therefore, subject to the definitions and limitations contained in the joint stipulation, as well as its dependence on the PTAB's Determination, the Court **ORDERS** as follows:

1. With respect to the product described in the MPI Apriso® ANDA, any and all claims by Plaintiffs alleging infringement of claim 2 of the '688 patent are **DISMISSED WITH PREJUDICE**;

2. Except for the limited purpose of maintaining jurisdiction over MPI's invalidity counterclaims in order to enter a consent judgment based on the PTAB's Determination respecting the invalidity of claim 1 of the '688 patent, and consistent with the provisions of paragraph 3 below, Mylan's affirmative defenses and counterclaims of invalidity with respect to the '688 patent are **DISMISSED WITH PREJUDICE**;

3. Should the United States Court of Appeals for the Federal Circuit affirm the PTAB's Determination regarding claim 1 of the '688 patent, or in the event there is no appeal from the PTAB's Determination, the Court will enter a final consent judgment in this action in Mylan's favor as to the invalidity of claim 1 of the '688 patent; and

**SALIX V. MYLAN**                                                                                               **1:15CV109**

**ORDER IMPLEMENTING JOINT STIPULATION**

4. Each party shall bear its own attorneys' fees and costs relating to these issues.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: July 10, 2017.

                                              /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE